JACOB BERSCHE *et al.*, Respondents, v. ST. LOUIS MUTUAL FIRE AND MARINE INSURANCE COMPANY, Appellant.

1. A provision in a policy of insurance upon buildings, that it should be void unless the encumbrances be expressed therein, is satisfied if the application (which formed part of the policy) state that the property was encumbered, without stating the amount.
2. The notice given by the insurance company to the assured, after the fire, of its determination to rebuild the premises, was a waiver of the defence that the assured had not stated the amount of the encumbrances upon the property insured.

*Appeal from St. Louis Circuit Court.*

This was a suit upon a policy of insurance against loss by fire, upon a starch factory and its machinery, dated March 11, 1858, in the sum of five thousand dollars. The policy provided that the charter and by-laws and conditions of insurance annexed to the policy should form part thereof.

The conditions of insurance provided, "this policy is made and accepted with reference to the application for insurance which forms part hereof." In the application for insurance signed by the plaintiff, it was declared that "the company would be bound by no statement made to the agent not contained in the application." To the question, "What is the title, and whether encumbered by mortgage or otherwise, and to what amount?" the answer was, "Real estate, encumbered to the amount of $——." The charter (sec. 2) provided, that all persons insuring should become thereby members of the company for the time being, and be concluded and bound by the provisions of said act; it also bound the property insured by a lien, to the amount of the premium note, to the company—sec. 12. The charter further provided, that the company might make insurance for any time not less than one month nor more than ten years: also, that any policy of insurance issued by said company, signed by the president, countersigned by the secretary, and sealed with the seal of the company, should be deemed valid and binding on said company in all cases wherein the assured had a title in fee simple, unencumbered, to the building or buildings insured, and to the land covered by the same; but if the assured had a lease estate therein, or if the premises were encumbered, the policy should be void unless the true title of the assured and the encumbrances were expressed thereon—sec. 21.

On the 6th April, 1858, the property was destroyed by fire. At the date of the policy, the property was encumbered to an amount exceeding $25,000, by deeds of trust, judgments, and mechanics' liens.

At the trial, the defendant proved that the application was filled up by its agent, and signed by the plaintiffs in the presence of the secretary, who saw it before it was signed, and upon it issued the policy; and also proved the existence of the encumbrances.

The plaintiffs proved a notice in writing by the secretary, dated May 3d, stating that defendant, in common with other

insurers, had elected to repair the damaged property—the defendant objecting to the proof as not within the issues.

At the instance of plaintiffs, the court gave the following instructions:

1. If the jury believe from the evidence that said defendant delivered to said plaintiffs the notice of the intention of defendant to rebuild, given in evidence by plaintiffs, then the jury may infer that said defendant waived its right to set up as a defence to this action, that plaintiffs had not, in the application given in evidence, stated the amount of the encumbrances.

2. The application in evidence in this case is a part of the policy sued upon, and the within words in said application, to wit, "encumbered to the amount of $——," is an expression of the encumbrances upon the policy within the intent and meaning of the 21st section of the defendant's charter.

To these instructions defendant excepted, and asked for counter-instructions; which were refused.

*W. N. Grover*, with *B. A. Hill*, for appellant.

I. The charter, by-laws, conditions of insurance, application, and policy, are all to be taken and construed as one entire instrument.

The court erred in instructing the jury that the statement in the application, "real estate, encumbered to the amount of $——," was an expression of the true title of the assured and of the encumbrances thereon. The word "true" must refer as well to the encumbrances as to the title.

That the true title and the encumbrances were not set out and expressed within the meaning of the policy, see Brown v. People's M. Ins. Co. 11 Cush. (Mass.) 280; Haywood v. Agawam Mut. Ins. Co. 10 Cush. 444; Wilbur v. Bowditch F. Ins. Co. 10 Cush. 446; Friesmuth v. Agawam Mut. F. Ins. Co. 10 Cush. 558; Loehner v. Home Mut. Ins. Co. 17 Mo. 247; Davenport v. New England M. Ins. Co. 6 Cush. 340; Clark v. New England M. Ins. Co. 6 Cush. 342; Smith

36—VOL. XXXI.

v. Bowditch F. Ins. Co. 6 Cush. 448; Bowditch F. Ins. Co. v. Winslow, 3 Gray, (Mass.) 415; Jenkins v. Quincy M. F. Ins. Co. 7 Gray, 370; Lowell v. Middlebury Ins. Co. 8 Cush. 127; Pinkham v. Morang, 40 Maine, 587; Brown v. Williams, 28 Maine, 252; Addison v. Louisville Ins. Co. 7 B. Mon. 470.

II. The offer to rebuild, even if made with a full knowledge of all the facts, did not conclude the defendant, nor operate as an estoppel or waiver. See authorities cited in brief presented in Bersche v. Globe M. Ins. Co., at this term (*ante*, p. 546).

There is, however, a broad distinction between the two cases. Can the company waive a condition imposed by its act of incorporation? The policy was void, not voidable. (5 Har. & J. 193; 17 Mass. 258; 5 Mass. 395; 4 N. H. 285.)

*Glover* and *Shepley*, for respondents.

I. The provisions of the charter have the same force as if incorporated into the policy, and no greater effect; and the provision of which defendants claim protection could be waived, although it is in the words of the charter instead of the mere words of the policy. (Clark v. N. Eng. M. Ins. Co. 6 Cush. 342; Wood v. Rutland M. Ins. Co. 31 Verm. 552; Union F. Ins. Co. v. Kayser, 32 N. H. 313; Frost v. Saratoga M. Ins. Co. 5 Denio, 154.

II. If a forfeiture had been incurred, the act of the company in giving notice of its intention to rebuild was a waiver of such forfeiture. See authorities in case of Bersche v. Globe M. Ins. Co., *ante*, 546.

III. The answer in the application was an expression of the encumbrances; it was not a matter which affected the hazard. There was no concealment; the fact that the property was encumbered was stated. The company were satisfied with the answer when they issued the policy, and thereby waived all further inquiries. This they had a right to do.

(Liberty Hall Ass'n v. Housatonic M. F. Ins. Co. 7 Gray, Mass. 261; Gates v. Madison M. Ins. Co. 2 Comst. 43; Ames v. N. York Union Ins. Co. 4 Kirwan, 253.)

IV. The defendant must not be allowed to perpetrate a fraud upon the plaintiffs. They have received the premium and issued the policy, with notice that the property was encumbered, thereby declaring that they possessed all the information they required upon that subject.

BATES, Judge, delivered the opinion of the court.

Plaintiffs below (respondents) sued the defendant (appellant) on a policy of insurance against loss by fire on their starch manufactory, in St. Louis, which was burned.

It was provided in the policy that the respondents' application for insurance and also the charter of the company formed parts of the policy. In the charter (sec. 21) it was provided that if the assured have a lease estate, or if the premises be encumbered, the policy shall be void unless the true title of the assured and the encumbrance be expressed therein.

The application for insurance is a printed form, with blanks to be filled by the applicant. It contained certain printed questions, to which the answers of the applicants were made in writing. Among them was this: " What is the title? and whether encumbered by mortgage or otherwise, and to what amount?" The answer given was " Real estate, encumbered to the amount of $———."

At the trial, the defendant proved that the property was encumbered with deeds of trust, judgments, and mechanics' liens, to a large amount; and the plaintiffs proved that after the fire the defendant gave to the plaintiffs notice of its intention to rebuild the premises destroyed by fire, as by the policy it had the privilege of doing.

The court instructed the jury, in effect, that the notice given by the defendant of its intention to rebuild was a waiver of its right to set up as a defence to the action, that

the plaintiffs had not, in their application for insurance, stated the amount of the encumbrances; and, secondly, that the statement in the application (which formed a part of the policy) was an expression of the encumbrances upon the property within the intent and meaning of the twenty-first section of the charter.

The defendant now complains that both of these instructions were erroneous. Reversing the order in which they are copied in the record, the second instruction will be considered first.

The language of the charter does not require that the amount of the encumbrances should be stated. It is that the policy shall be void unless the encumbrances be expressed thereon. It was expressed thereon that the property was encumbered; so that, if the amount of the encumbrances had been deemed material to the risk, the defendant had information of their existence, and could have ascertained their amount, and it may be did so. (1 Phil. on Ins. 367; 7 Gray, Mass. 261.) All the useful purposes of an expression on the policy of the encumbrances seem to be fulfilled by the expression made. Indeed, if the defendant be particularly anxious now to know the amount of the encumbrances, which knowledge it did not desire when the policy was made, it may be answered that the defendant did know their amount, as they were all by judgments, mechanics' liens, and recorded deeds, of which all persons are presumed to have notice. At any rate, the parties themselves have given the same construction to that expression; for it would be unjust to presume that the defendant would be guilty of so great a villainy as to issue a policy which it knew at the time was void and valueless. This construction, being adopted by the parties, and reasonable in itself, should prevail, and the instruction given by the court in accordance with it was correct; and as that instruction necessarily disposes of the defence, it is unnecessary to say anything about the other.

Judgment affirmed. Judges Bay and Dryden concur.